**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GERARDO CARDENAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1917-J** |
| | ) | |
| **KELLI DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Gerardo Cardenas, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States District Judge Bernard M. Jones, II, referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon preliminary review, the Court determined the Petition was potentially subject to dismissal and ordered Petitioner to show cause why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted. Doc. 4. For the reasons set forth below, the undersigned recommends dismissal of the Petition without prejudice.

## I. Petition

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115

F.3d 809, 811 (10th Cir. 1997) (citation modified). Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in a state court case he does not identify. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

However, the Court informed Petitioner that it would decline to liberally construe the Petition and recharacterize it as a petition brought under § 2254 because:

- Petitioner's claims appear to be meritless. In his two grounds for relief, he challenges his conviction and sentence on the basis that he "is an Indian," and Indians are "non-citizen[s] of the U.S. and its states" and therefore "exempt from their jurisdiction to prosecute." Doc. 1 at 7 (citation modified). However, it is well-settled that Indians are citizens of the United States. Doc. 4 at 2-3 (citing the Indian Citizenship Act, Act of June 2, 1924, ch. 233, 43 Stat. 253; and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1401(b)).

- Petitioner failed to sign the Petition. As such, the Petition does not comply with Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts or 28 U.S.C. § 2242. Doc. 4 at 3.

The Court informed Petitioner that it appears the relief he requests cannot be granted and ordered him to "**show cause in writing** why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted." Doc. 4 at 4. The deadline for Petitioner's response to the order to show cause was August 18, 2026. *Id.* Petitioner

timely responded to the order to show cause with a Supplement. Doc. 5. However, the Supplement simply attempts to bolster Petitioner's argument that Indians are non-citizens. *See generally id.* (citing *Trump v. Barbara*, 146 S. Ct. 2438 (2026)). Petitioner does not address why his claims should not be dismissed for failure to state a § 2241 claim.

Accordingly, the undersigned recommends dismissing the Petition for failure to state a § 2241 claim upon which relief can be granted. *See Straley*, 582 F.3d at 1213 ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **September 29, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE